IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CASSI JANIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-728-D |
| | ) | |
| COADVANTAGE RESOURCES 51, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Upon review of the Notice of Removal, the Court finds insufficient factual allegations to support the assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332.[1] Dfendant Raintree Holdings, L.L.C. is alleged to be a limited liability company. A limited liability company is not treated like a corporation under 28 U.S.C. § 1332(c)(1), but like a limited partnership or other unincorporated association under *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). The Notice of Removal contains no information concerning the members of the limited liability company and, therefore, fails to allege the citizenship of this party or to establish complete diversity of citizenship.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

IT IS THEREFORE ORDERED that Defendants shall file an amended notice of removal to allege the existence of diversity jurisdiction within 14 days from the date of this Order.[2]

IT IS SO ORDERED this  9th   day of July, 2015.

                                                      TIMOTHY D. DeGIUSTI
                                                      UNITED STATES DISTRICT JUDGE

---

[2] Defendants need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).